IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO.  05-00445 JMS |
| ) | CIV. NO.  09-00610 JMS/KSC |
| Plaintiff, ) | |
| ) | ORDER DISMISSING PETITION |
| vs. ) | WITHOUT PREJUDICE AND |
| ) | DENYING REQUEST FOR |
| STEVEN LEWIS CROWELL, ) | APPOINTMENT OF COUNSEL |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DISMISSING PETITION WITHOUT PREJUDICE AND
DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

**I.  INTRODUCTION**

On December 21, 2009, pro se petitioner Steven Lewis Crowell ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Petition"), claiming that the Bureau of Prisons ("BOP") failed to credit his sentence with time served in federal custody at FDC Honolulu prior to his sentencing.  For the reasons set forth below, the court finds that the Petition challenges the manner, location, or conditions of the execution of his sentence; construes the Petition as filed pursuant to 28 U.S.C § 2241; and DISMISSES this matter without prejudice.  Petitioner may refile in the proper jurisdiction, the United States District Court for the Central District of California, and with the

proper respondent, the warden of the Federal Correctional Complex located in Lompoc, California ("FCC Lompoc"). Petitioner's request for appointment of counsel is DENIED.

## II. BACKGROUND

Petitioner is currently incarcerated at FCC Lompoc after his conviction for violating 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d). On July 3, 2006, this court sentenced Petitioner to serve 78 months imprisonment followed by three years of supervised release. Petitioner now claims through his Petition that the BOP failed to credit his sentence with time served in federal custody at FDC Honolulu prior to his sentencing. He also requests appointment of counsel.

## III. ANALYSIS

**A.     The Court Construes Petitioner's Habeas Petition as Filed Pursuant to 28 U.S.C § 2241**

A district court must determine at the outset whether a petition for writ of habeas corpus filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In general, a federal prisoner seeking to contest the legality of a sentence must bring a habeas petition under § 2255 in the sentencing court. *Id.* at 864. On the other hand, a federal prisoner seeking to challenge the manner, location, or conditions of an execution of a sentence must file a habeas petition pursuant to § 2241 in the

district in which he or she is incarcerated. *Id.*

Petitioner is not contesting the legality of the sentence imposed by this court; instead, by claiming that he is entitled to credit for time served in FDC Honolulu, he challenges the calculation of his sentence, that is, the manner and conditions of the execution of his sentence at FCC Lompoc. Thus, the court construes the Petition as properly brought pursuant to § 2241. *See Rogers v. United States*, 180 F.3d 349, 358 and n.16 (1st Cir. 1999); *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997); *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).

**B.     The Court Lacks Jurisdiction to Hear Petitioner's § 2241 Petition**

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has clarified this limiting language by holding that in habeas cases involving "present physical confinement, jurisdiction lies in only one district; the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical confinement within the United States, he should . . . file the petition in the district of confinement." *Id*. at 447. *See also United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004); *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1240 (D.C. Cir. 2004).

While this court sentenced Petitioner and would have jurisdiction to hear a § 2255 petition, it lacks jurisdiction to consider his § 2241 Petition because he is not incarcerated within the District of Hawaii.  Petitioner is currently incarcerated in FCC Lompoc, which is located within the Central District of California.  The court therefore lacks jurisdiction to hear Petitioner's § 2241 Petition.  As a result, the § 2241 Petition is DISMISSED without prejudice to refiling in the Central District of California.  Given the court's dismissal of this action, Petitioner's request for appointment of counsel is DENIED.

C.  **The Proper Respondent to Petitioner's Petition is the Warden of FCC Lompoc**

Petitioner is notified that under 28 U.S.C. § 2242,[1] the proper respondent in a § 2241 petition is the custodian of the institution where the federal prisoner is incarcerated.  The Supreme Court recently reaffirmed this "immediate-custodian" rule: "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent . . . " *Padilla*, 542 U.S. at 447.  Thus, should Petitioner file a § 2241 petition in the Central District of California, the proper respondent is the warden of

---

[1] "Application for writ of habeas corpus shall be in writing signed and verified by the person whose relief it is intended or by someone acting in his behalf.  It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known. . . ."

FCC Lompoc.

## IV.  CONCLUSION

For the foregoing reasons, this court DISMISSES this matter without prejudice.  Petitioner may refile in the proper jurisdiction, the United States District Court for the Central District of California, and with the proper respondent, the warden of FCC Lompoc.  The request for appointment of counsel is DENIED.  The Clerk of Court is directed to CLOSE the case file in this District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 23, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Crowell*, Cr. No. 05-00445 JMS, Civ. No. 09-00610 JMS/KSC; Order Dismissing Petition Without Prejudice and Denying Request for Appointment of Counsel